IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK A. RYAN, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-2127-CM |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Comm'r of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM AND ORDER**

Plaintiff Mark A. Ryan claims that he became unable to work in May 2009 because of the following health issues: (1) chronic obstructive pulmonary disease ("COPD"); (2) dysthymia; (3) attention deficit and hyperactivity disorder ("ADHD"); (4) asthma; (5) brain trauma, post-traumatic stress disorder ("PTSD"); (6) frontal lobe dysfunction; and (7) narcolepsy. Plaintiff's medical history is lengthy and includes many visits or hospitalizations between 2009 and 2013. Plaintiff's employment history indicates ten years of employment with significant earnings from 1996 to 2009. Most recently, plaintiff was self-employed. He filed this action pursuant to Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381 et seq., requesting supplemental security income benefits.

An Administrative Law Judge ("ALJ") found that plaintiff has severe impairments, including substance use, depressive/mood, and personality disorders in a decision dated July 3, 2013, which stands as the final decision of the Commissioner of Social Security. Plaintiff contends that the ALJ's decision is flawed because the ALJ's residual functional capacity ("RFC") is not based on substantial evidence of the record and the vocational expert's ("VE") testimony is unreliable. The court disagrees.

**I.      Legal Standard**

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record?  (2) Did the ALJ apply the correct legal standards? *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).  "Substantial evidence" is a term of art, meaning "more than a mere scintilla" and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)).  When evaluating whether the standard has been met, the court is limited; it may neither reweigh the evidence nor replace the ALJ's judgment with its own. *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)).  On the other hand, the court must examine the entire record—including any evidence that may detract from the decision of the ALJ.  *Jaramillo v. Massanari*, 21 F. App'x 792, 794 (10th Cir. 2001) (citing *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)).  The party challenging the action bears the burden of establishing that any error prejudiced the party.  *St. Anthony v. U.S. Dep't of Health & Human Servs.*, 309 F.3d 680, 691 (10th Cir. 2002). If a claimant has a history of drug abuse or alcoholism ("DAA"), the ALJ must perform a two-step test:

1. Considering all of the claimant's impairments together, including drug and alcohol use, is the claimant disabled?

2. If the claimant is found to be disabled, is claimant's DAA material to the finding that claimant is disabled?

*See* S.S.R. 13-2P, 2013 WL 621536, at *4 (S.S.A. Feb. 20, 2013).

**II.     Analysis**

Plaintiff claims that the ALJ's decision cannot be supported by substantial evidence. Plaintiff argues that the RFC found by the ALJ is not based on substantial evidence in the record because (1) the ALJ failed to provide a narrative bridge linking the medical evidence with the limitations, (2) the RFC does not reflect the substantial evidence of record, (3) the ALJ failed to assess weight to every opinion in the record, and assessed the most weight to medical experts, and (4) the ALJ failed to reconcile a discrepancy in the testimony of the two VEs. The court disagrees.

The ALJ's decision is supported by substantial evidence. While plaintiff is perhaps correct that the ALJ did not provide a detailed narrative bridge between the medical evidence and the limitations in the RFC, there is a sufficiently clear narrative: Plaintiff would not be disabled but for his DAA. The ALJ begins by discussing the testimony proffered by plaintiff and his family. The ALJ also noted that plaintiff has had numerous opportunities to medically establish some of his claimed impairments, but has declined to do so. Multiple treating doctors recommended plaintiff undergo a sleep study to establish that he has narcolepsy and/or be tested for ADHD. Plaintiff has not done so.[1] Indeed, the main reason plaintiff has not undergone a sleep study to establish his claimed narcolepsy is because the test requires he be stimulant-free for two weeks prior to the sleep study.[2] Plaintiff has alleged he cannot function without stimulants.

Plaintiff has stayed at various treatment centers or hospitals since 2009. Almost every stay has resulted in a positive test for some sort of drug: cocaine, amphetamines, or marijuana. On April 9, 2013, plaintiff allegedly attempted to overdose on medication when the Shawnee Mission Medical Center was releasing him, causing a further nine day stay. All of this led the ALJ to conclude: "The

---

[1] The ALJ also noted that plaintiff's counsel had been given multiple opportunities to submit medical evidence as to plaintiff's traumatic brain injury, but plaintiff's counsel never did.
[2] Amphetamines are a prescribed drug used to treat both narcolepsy and ADHD. That is why the ALJ emphasizes that plaintiff has never had some of his ailments medically established, even though multiple doctors have recommended he be specifically tested.

claimant's polysubstance abuse, which includes the abuse of cocaine, amphetamines, and marijuana is a severe impairment. It underlies all inpatient stays and most emergency room visits." (Doc. 8-4 at 23.) Many of these same facts led the ALJ to conclude that plaintiff's testimony is not credible. (*See id.* at 20 n.4; 23, 26 n.9.)

> The ALJ found that if plaintiff ceased substance use, he would:
>
> Have the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: he must avoid concentrated exposure to gasses, fumes, dust, humidity, and other environmental irritants. He is restricted to superficial interaction with co-workers and supervisions and cannot interact with the general public. The claimant cannot perform assembly line/quota work.

(Doc. 8-4, at 24.) Following that determination is an eighteen page discussion of the medical evidence on record and the ALJ's opinion of that evidence. (*See* Doc. 8-4, at 24–42.) Plaintiff's medical records and expert testimony from various professionals all point to the ALJ's conclusion. Psychologist Dr. Joseph Steiner, Ph.D., testified in October 2012 that in terms of an RFC, plaintiff should have limited contact with the general public, superficial contact with co-workers and supervisors, limited quota-type work, and a stress-free environment. That is almost precisely what the ALJ ultimately found, if substance use was removed. Neurologist Gerald Orth, M.D., testified in December 2012 that plaintiff had no physical impairments and that plaintiff's asthma did not appear to be out of control. Dr. Orth was also one of the doctors to advise a sleep study to establish plaintiff's claim of narcolepsy. Another neurologist, Dr. William DeBolt, M.D., testified in May 2013. Dr. DeBolt testified that "[t]here is really no reason to suspect that [plaintiff] has narcolepsy." (Doc. 8-4, at 58.) Additionally, Dr. DeBolt highlighted plaintiff's addiction to cocaine, and any change from cocaine to Adderall or Vyvanse is not a chemically significant change. Finally, most doctors found that plaintiff has asthma, which explains the ALJ's nonexertional limitation that he must "avoid concentrated exposure to gasses, fumes, dust, humidity, and other environmental irritants." (*Id.* at 24.)

The ALJ gave Dr. Steiner's testimony "some weight," because he was unable to review evidence indicating plaintiff's polysubstance abuse. Drs. Orth and DeBolt were both given "great weight" because their testimony was consistent with the record as a whole. Plaintiff argues these opinions cannot constitute substantial evidence because none of the experts had access to plaintiff's full medical record. This argument is without merit. "The ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) (citing 20 C.F.R. § 416.927(e)(2); SSR 96–5p, 1996 WL 374183, at *5). The comprehensive medical record was considered by the ALJ. The fact that the testifying medical experts did not have the complete record before them—usually because plaintiff's medical record developed after the expert gave testimony—is inconsequential because their testimony collectively points to the ALJ's conclusion.[3] None of their testimony weighs in favor of finding plaintiff disabled. Given the lengthy duration of this case, it is not surprising that additional records were submitted after each doctor testified, especially  From a practical standpoint, the ALJ must rule at some point and it is unlikely that calling a fourth medical expert to review three additional exhibits unavailable to Dr. DeBolt would have resulted in a different finding.

Plaintiff further argues that the ALJ's decision cannot stand because it did not discuss or give weight to the opinions of Dr. Fortune. Plaintiff is correct that Dr. Fortune's testimony was not discussed or given weight. But Dr. Fortune's testimony actually supports the ALJ's decision. Indeed, Dr. Fortune found that (1) physically, plaintiff could perform normal activities and has no issues with hearing or speaking, and (2) mentally, plaintiff is able to concentrate, has persistence and sustained pace in tasks, is able to cope with stress, and was able to perform his IT job with no mental restrictions. (*See* Doc. 8-9 at 94.) This alleged error is harmless. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156,

---

[3] Drs. Steiner and Orth testified in 2012. Dr. DeBolt was called to testify *specifically because* additional medical evidence was submitted into the record. He appears to have had all but three exhibits when he testified.

-5-

1163 (10th Cir. 2012) ("The ALJ discussed this record but did not expressly weigh it. His RFC, however, is generally consistent with [the doctor's] findings. There is no reason to believe that a further analysis or weighing of this opinion could advance [plaintiff's] claim of disability. The alleged error is harmless.").

Finally, plaintiff argues that the ALJ's decision relied on faulty VE testimony because the ALJ did not fully explain a discrepancy between the two VE's opinions that plaintiff could resume work as a rifler. Although the ALJ specifically noted this discrepancy and recognized his duty to fully develop the record, the discrepancy is never explicitly resolved. Nevertheless, the court finds the discrepancy immaterial. Two VEs provided a list of at least fourteen jobs that exist in significant numbers in the national economy—all of which are jobs plaintiff would be capable of performing, if substance use was not present. The ALJ further found that even if more weight were given to the testimony of plaintiff and his family members, plaintiff was still capable of performing those jobs.

The record overwhelmingly indicates substance use. A reasonable fact-finder could conclude plaintiff would not be disabled if he stopped his substance use. In other words, a reasonable fact-finder could conclude that plaintiff's substance use is a contributing factor that is material to the determination of his disability, pursuant to SSR 13-2p. S.S.R. 13-2P, 2013 WL 621536, at *4. As a result, the ALJ's decision is supported by substantial evidence.

### III. Conclusion

Based on the above analysis, the court affirms the Commissioner's decision because it is supported by substantial evidence in the record.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is affirmed.

Dated this 15th day of October, 2014, at Kansas City, Kansas.

**s/ Carlos Murguia**

-7-

        **CARLOS MURGUIA**
        **United States District Judge**